Dear Ms. McNulty:
This office is in receipt of your request as attorney for the Louisiana State Board of Cosmetology regarding certain regulations of the Board that restrict student employment. Of particular concern is the following provision:
 Students attending beauty schools shall not frequent or work in any licensed beauty salon in any capacity whatsoever. This regulation applies even though the student's immediate family or the students themselves might be owner or have an interest in the beauty salon in question. This may jeopardize a portion of all of the students' hours. La. Administrative Code Title 46:XXXI.919(L).
You indicate that the underlying policy consideration for the regulation would appear to be to protect the general public from having inexperienced beauty school students performing professional beauty services on them. Additionally, the regulation would protect students from being taken advantage of by salon owners who could pressure such students into unauthorized activities.
However, you state the Board is concerned that the regulation may be too broad and that such prohibitions may violate various constitutional rights of the student such as equal protection, property rights (right to employment), free speech (rights to association and travel), and fundamental rights of a family member to visit with another family member.
R.S. 37:498 authorizes the Board of Cosmetology to prepare regulations "as may be necessary to protect the health and welfare of the people of this State in using the facilities controlled hereby." While the courts have recognized these regulations cannot affect fundamental rights, it has further stated if discrimination by suspect classifications as race and religion are not involved, the inquiry is whether the regulation is rationally related to a legitimate state interest. As observed by this office in Atty. Gen. Op. No. 82-733, the exercise of a substantially protected right should only be regulated pursuant to a compelling state interest, and board discretion is vested in the governing body which must only provide objectively ascertainable standards that are reasonably related to a legitimate governmental interest, Atty. Gen. Op. 92-414. However, it must directly advance the governmental interest involved and may not be sustained if it provides only ineffective or remote support for the governmental purpose. Moreover, if the governmental interest could be served as well by more limited restrictions, excessive restrictions cannot survive.
The answer to the determinations as to whether the regulation in question advances a governmental interest without being too restrictive is a factual conclusion. This office is not in a position to render such findings. However, we hope the guidelines set forth will enable the Board of Cosmetology to resolve the question if the regulations are too broad by asking whether the regulation is directly related to the governmental interest of the Board and, if so, would the interest be served as well by less restrictive provisions.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours.
 RICHARD P. IEYOUB Attorney General
 By: ____________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR
Date Received: Sept. 21, 1998
Date Released:
BARBARA B. RUTLEDGEAssistant Attorney General